United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 01, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34054 |
| NELKIN & NELKIN P.C., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| EUGENE SCHREIBER, STEVEN SCHREIBER, and TWO RIVERS COFFEE LLC, | § § § | |
| | § | |
| Plaintiffs, Counter Defendants | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3061 |
| | § | |
| JAY NELKIN, NELKIN & NELKIN, P.C., and CAROL NELKIN, | § § | |
| | § | |
| Defendants, and Counter Third Party Plaintiffs | § § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| PARNESS LAW FIRM, PLLC, HILLEL I. PARNESS, ROSENBLATT LAW P.C., RAPHAEL ROSENBLATT, BENNETT J. WASSERMAN, and LEGALMALPRACTICE.COM, INC. | § § § § § | |
| | § | |
| Third Party Defendants | § | |

### MEMORANDUM OPINION

In a novel but flawed argument, and although cast as affirmative claims, Eugene Schreiber, Steven Schreiber, and Two Rivers Coffee LLC. assert claims, defensively, for breach of contract, professional malpractice, breach of fiduciary duty, negligence, vicarious liability, unauthorized practice of law, malicious use of process, and punitive damages against Nelkin & Nelkin, P.C. post

discharge in this subchapter V proceeding. Nelkin & Nelkin, P.C. seeks entry of a partial summary judgment as to all claims against it by Eugene Schreiber, Steven Schreiber, and Two Rivers Coffee LLC.

For the reasons stated herein, the relevant facts are not in dispute. Specifically, there remains no genuine dispute of any material fact that Plaintiffs' Claims are pre-petition claims, Plaintiffs failed to file proofs of claim, and Plaintiffs had actual knowledge of this bankruptcy case. Thus, this is a purely legal dispute susceptible to summary judgment. Because the Court concludes that Plaintiffs are bound by the Plan and Confirmation Order, and Plaintiffs' Claims are pre-petition, affirmative *in personam* claims, Plaintiffs' Claims were discharged pursuant to 11 U.S.C. §§ 1191(a) and1141(d) and are enjoined from assertion by the plain language of the Plan and Confirmation Order pursuant to 11 U.S.C. § 524(a)(2). Accordingly, there remains no genuine issue as to any material fact for trial and Debtor is entitled to a judgment as a matter of law. Thus, Eugene Schreiber, Steven Schreiber, and Two Rivers Coffee LLC's claims for breach of contract, professional malpractice, breach of fiduciary duty, negligence, vicarious liability, unauthorized practice of law, malicious use of process, and punitive damages asserted against Nelkin & Nelkin, P.C. in this adversary proceeding are dismissed with prejudice.

## I.   FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure ("*Rule*") 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.

## A.  Background

1. On June 12, 2020, Eugene Schreiber, Steven Schreiber, and Two Rivers Coffee, LLC ("*Plaintiffs*") filed a seventy-eight (78) page complaint against Nelkin & Nelkin, P.C. ("*Nelkin*") and Carol Nelkin and Jay Nelkin in the Superior Court of New Jersey Bergen County, Law Division Docket No. BER-L-003407-20 (the "*Initial Complaint*").[1]

2. On August 25, 2023, (the "*Petition Date*") Nelkin filed for bankruptcy protection under subchapter V, chapter 11 of the Bankruptcy Code[2] initiating the bankruptcy case.[3]

3. On August 28, 2023, this Court set December 26, 2023, as the last day to submit Proofs of Claims for non-governmental units.[4]

4. On September 1, 2023, Plaintiffs were provided notice of the Bar Date.[5]

5. On September 7, 2023, Plaintiffs entered their notice of appearance.[6]

6. On September 18, 2023, Plaintiffs were listed in Debtor's Schedule E/F as holding "Unknown and Disputed" claims.[7]

7. On October 20, 2023, Nelkin removed the Initial Complaint to the instant Court.[8]

8. On September 10, 2024, Plaintiffs filed its amended complaint (the "*Complaint*").[9]

9. On September 17, 2024, Nelkin filed its answer and amended counterclaims and third-party claims ("*Nelkin's Answer*").[10]

10. On October 4, 2024, Plaintiffs filed "Eugene Schreiber, Steven Schreiber And Two Rivers Coffee, LLC's Answer To Counterclaim" ("*Plaintiff's Answer*").[11]

11. On January 19, 2025, Nelkin filed its plan of reorganization, (the "*Plan*").[12]

12. On February 14, 2025, Nelkin's Plan was confirmed (the "*Confirmation Order*").[13]

---

[1] ECF No. 34, Ex. 3.
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[3] Bankr. ECF No. 1. "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 23-34054. Entries made in the instant Case number 24-3061 shall take the format of "ECF No. ___."
[4] Bankr. ECF No. 5.
[5] Bankr. ECF No. 8.
[6] Bankr. ECF No. 11.
[7] ECF No. 24.
[8] ECF No. 1.
[9] ECF No. 75.
[10] ECF No. 76.
[11] ECF No. 83.
[12] Bankr. ECF No. 337
[13] Bankr. ECF No. 373.

13. On March 3, 2025, the Plan became effective (the "*Effective Date*").[14]

14. On July 9, 2025, Nelkin filed "Nelkin & Nelkin, P.C.'S Motion For Partial Summary Judgment" (the "*Motion for Summary Judgment*").[15]

15. On July 30, 2025, Plaintiffs filed "Plaintiff's Response To Nelkin & Nelkin, P.C.'S Motion For Partial Summary Judgment (the "*Response*")."[16]

16. On August 6, 2025, Nelkin filed "Nelkin & Nelkin, P. C.'S Reply Brief In Support Of Its Motion For Partial Summary Judgment" ("*Nelkin's Reply Brief*").[17]

## II.   CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[18] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[19] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves matters concerning the administration of the estate.[20]

After a chapter 11 plan is confirmed, bankruptcy jurisdiction is limited to matters "pertaining to the implementation or execution of the plan."[21] The debtor's estate ceases to exist post-confirmation, except for matters directly related to the plan's implementation or execution.[22] Post-confirmation

---

[14] Bankr. ECF Nos. 379; 373 at 25.

[15] ECF No. 120.

[16] ECF No. 123.

[17] ECF No. 124.

[18] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

[19] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[20] *See* 11 U.S.C. § 157(b)(2)(A) & (O).

[21] *Highland Capital Mgmt. LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575, 589 (5th Cir. 2008); *RDNJ Trowbridge v. Chesapeake Energy Corp.* (*In re Chesapeake Energy Corp.*), 70 F.4th 273, 281 (5th Cir. 2023).

[22] *Newby v. Enron Corp.* (*In re Enron Corp. Sec.*), 535 F.3d 325, 335 (5th Cir. 2008).

jurisdiction includes resolving amounts owed on proofs of claim, administrative claims, preference and fraudulent transfer claims, and attorneys' fees.[23] Bankruptcy courts retain jurisdiction to interpret and enforce their own prior orders.[24] Matters that "impact compliance with or completion of the reorganization plan" fall within post-confirmation jurisdiction.[25] This matter pertains to claims arising prepetition and compliance with this Court's Confirmation Order.[26] Post-confirmation jurisdiction has been clearly determined to include instances where the bankruptcy court is asked to enforce its orders, block alleged violations of the debtor's bankruptcy-law rights and resolve disputes over the meaning of provisions contained in a confirmed plan.[27] Thus, this Court has post-confirmation jurisdiction in this matter.[28]

This Court may only hear a case in which venue is proper.[29]  28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."  Nelkin's main bankruptcy case is pending in this Court and therefore, venue of this proceeding is proper.[30]

## B.  Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[31] The matter

---

[23] *RDNJ Trowbridge v. Chesapeake Energy Corp.* (*In re Chesapeake Energy Corp.*), 70 F.4th 273, 281 (5th Cir. 2023).

[24] *Baker v. Baker* (*In re Baker*), 593 F. App'x 416, 417 (5th Cir. 2015); *Travelers Casualty & Surety Co. of America v. Bailey*, 557 U.S. 137, 151 (2009).

[25] *Highland Capital Mgmt. LP v. Chesapeake Energy Corp*. (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575, 589 (5th Cir. 2008).

[26] *See* ECF Nos. 75; Bankr. ECF No. 373.

[27] *Natixis Funding Corp. v. Genon Mid-Atlantic, L.L.C.* (*In re Genon Mid-Atlantic Dev., L.L.C*.), 42 F.4th 523, 535 (5th Cir. 2022) (citing *Galaz v. Katona* (*In re Galaz*), 841 F.3d 316, 322-23 (5th Cir. 2016); U.S. *Brass Corp. v. Travelers Ins. Grp.* (*In re U.S. Brass Corp.*), 301 F.3d 296, 305 (5th Cir. 2002).

[28] *See In re Enron Corp. Sec*., 535 F.3d at 335 (finding that a bankruptcy court does not lose jurisdiction over "pre-confirmation claims based on pre-confirmation activities").

[29] 28 U.S.C. § 1408.

[30] Bankr. ECF No. 1.

[31] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(L) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final judgment here.[32]

## III.   ANALYSIS

### A.  Standard & burden of proof

Rule 56 permits a party to move for summary judgment, "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[33] Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. Rule 56 states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[35] Courts employing this standard of review must determine "not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon evidence before the court."[36] To prevail on summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact and the appropriateness

---

[32] *See, e.g., Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[33] FED. R. CIV. P. 56(a) (emphasis added).
[34] *Id.*
[35] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).
[36] *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

of judgment as a matter of law.[37] A material fact is one "that might affect the outcome of the suit under the governing law."[38] A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving parties.[39]

Rule 56 creates a shifting burden. Once a properly supported motion for summary judgment is presented, "the nonmoving party must rebut with 'significant probative' evidence."[40] If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial.[41] When there is no genuine issue for trial, the Court should grant summary judgment.[42] In determining whether summary judgment is appropriate, a court is not to weigh evidence, assess its probative value, or resolve factual disputes,[43] but the facts must be reviewed with all "justifiable inferences" drawn in non-movants' favor.[44] Nevertheless, factual controversies will be resolved in non-movants' favor "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."[45] If, however, the record could not lead a rational trier of fact to find for non-movants, summary judgment is appropriate.[46] While the Court may consider other materials in the record, it need only consider those actually cited.[47] Where the facts are undisputed and only questions of law exist, a court must apply the appropriate law to the facts to determine whether the moving party is entitled to judgment as a matter of law.[48]

---

[37] *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).

[38] *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998).

[39] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[40] *Ferguson v. Nat. Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978) (citations omitted).

[41] *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).

[42] *Id.*

[43] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

[44] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.1998).

[45] *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir.1996).

[46] *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (1986).

[47] *Id.* (citing FED. R. CIV. P. 56(c)(3)).

[48] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991) ("Summary judgment is appropriate where only issue before court is pure question of law."); *see Barnes v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 51218, 2014

### B.  Whether summary judgment should be granted

Nelkin seeks entry of partial summary judgment dismissing all of Plaintiffs' claims against it in this adversary raising two purely legal arguments as to why the Motion for Summary Judgment should be granted, to wit: (1) Plaintiffs' failure to file a proofs of claim in Nelkin's bankruptcy case bars recovery on their claims; and (2) Plaintiffs' claims were discharged under 11 U.S.C. §§ 1191(a), 1141(d) and 524.[49] Contrarily, Plaintiffs assert that all of the claims they assert including but not limited, to breach of contract, professional malpractice, breach of fiduciary duty, negligence, vicarious liability, unauthorized practice of law, punitive damages, are viable defensive claims which are unaffected by Nelkin's discharge.[50]

Plaintiffs take the position that they are not creditors, not asserting any affirmative claims against Nelkin, do not wish to seek any distribution from Nelkin's bankruptcy estate, but instead are asserting their Claims defensively to defeat or minimize Nelkin's recovery of certain settlement proceeds being held in the United States District Court of the Eastern District of New York ("*EDNY*") court registry (the "*Settlement Proceeds*") due to a charging lien (the "*Charging Lien*") filed by Nelkin in 2018[51] which Nelkin lists its estimated value at approximately $12,750,000.00.[52] Additionally, Plaintiffs assert that they are seeking *in rem*, not *in personam* relief against the Settlement Proceeds.[53]

The Settlement Proceeds that Plaintiffs are referring to are related to the case styled as *Schreiber, et al. v. Friedman, et al.*, Cause No. 15-cv-06861, District Court, Eastern District of

---

WL 1457696, at *1 (E.D. La. Apr. 14, 2014) ("Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate.").

[49] *See* generally ECF No. 120.

[50] ECF No. 123 at 2.

[51] ECF No. 123 at 2, 3; 120-6 at ¶ 3.

[52] Bankr. ECF No. 24 at 7, ¶ 74.

[53] ECF No. 123 at 2.

New York ("*EDNY Case*").[54] The EDNY Case is a pre-petition lawsuit initiated by Plaintiffs, not against Nelkin, but against various defendants involving a dispute over ownership of Two Rivers Coffee, LLC which is currently pending in the EDNY.[55] On March 7, 2019, in the EDNY Case, the Plaintiffs filed a motion requesting Magistrate Judge James Orenstein of the EDNY to find that Nelkin was discharged for cause, to vacate Nelkin's Charging Lien and to forfeit Nelkin's entitlement to any of the Settlement Proceeds.[56] The Court will consider each of the parties' arguments.

**1.  Whether Plaintiffs failure to file proofs of claim bars recovery on their claims**

To be clear, the only matter before this Court today is a motion for summary judgment regarding the above referenced Adversary Proceeding Case No. 24-3061 which is Plaintiffs' June 12, 2020 seventy-eight (78) page complaint against Nelkin, Carol Nelkin and Jay Nelkin, which was commenced in the Superior Court of New Jersey Bergen County, Law Division Docket No. BER-L-003407-20[57] removed to this Court and amended on September 10, 2024,[58] not the *EDNY Case*.[59] Plaintiffs' now forty-two (42) page Complaint contains the following seven (7) claims against Nelkin, to wit: (i) breach of contract; (ii) professional malpractice; (iii) breach of fiduciary duty; (iv) negligence; (v) vicarious liability; (vi) unauthorized practice of law; (vii) malicious use of process; and pray for compensatory damages, punitive damages, interests, costs, counsel fees and reasonable expenses, and any other such additional relief ("*Plaintiffs' Claims*" or the "*Claims*").[60]  In each of the first six Counts of the Complaint, Plaintiffs state:

> WHEREFORE, Plaintiffs demand judgment against all Defendants in the form of compensatory damages, punitive damages, interest, costs, counsel fees and

---

[54] Bankr. ECF No. 400-5.
[55] Bankr. ECF Nos. 400 at ¶2; 403 at ¶2; 400-7.
[56] Bankr. ECF No. 400-5.
[57] ECF No. 34-3.
[58] ECF No. 75.
[59] ECF No. 120.
[60] *See* generally ECF No. 75.

reasonable expenses pursuant to Saffer v. Willoughby, 143 N. J. 256 (1996) and any other such additional relief as this Court deems appropriate.[61]

In their seventh Count of the Complaint, Plaintiff states:

WHEREFORE, Plaintiffs demand judgment against all Defendants in the form of punitive damages pursuant to N.J. S.A. 2A:15-5.9. *et seq*., and any other such additional relief as this Court deems appropriate.[62]

There is no question that Plaintiffs have live pleadings before this Court that both assert affirmative claims against Nelkin and seek payment from Nelkin. Plaintiffs concede that "any affirmative claims *in personam* asserted against [Nelkin] in this Adversary proceeding have been discharged."[63]  Nelkin filed its answer which contains twelve counterclaims. [64]

a.  **Section 502 allowance of claims and interests**

It is undisputed that Plaintiffs did not file any proofs of claim and have not invoked the claims allowance process of this Court, notwithstanding their awareness of the non-governmental proof of claim bar date and the subject matter in which Plaintiffs claim defensive setoff and/or recoupment rights.[65]  Nevertheless, the applicable statute here is § 502(b)(9). Pursuant to §502(b)(9), and the applicable rules, a creditor in the Fifth Circuit who has received notice of a

---

[61] *See generally* ECF No. 72.

[62] *See generally* ECF No. 72 at 39.

[63] ECF No. 123 at 2, ¶ 2.

[64] *See generally* ECF No. 76. Defendant's Answer contains the following counterclaims, to wit: (i) breach of contract as against Eugene and Steven Schreiber; (ii) quantum meruit as against Eugene and Steven Schreiber; (iii) unjust enrichment as against Eugene and Steven Schreiber; (iv) quantum meruit as against Two Rivers Coffee in the alternative; (v) unjust enrichment as against Two Rivers Coffee in the alternative; (vi) fraudulent inducement as against Eugene and Steven Schreiber; (vii) equitable fraud in the inducement as against Eugene and Steven Schreiber; (viii) breach of the covenant of good faith and fair dealing as against Eugene and Steven Schreiber; (ix) promissory estoppel as against Eugene and Steven Schreiber; (x) contribution as against Parness, Parness Law Firm, Rosenblatt and Rosenblatt Law; (xi) indemnification as against Parness, Parness Law Firm, Rosenblatt and Rosenblatt Law; (xii) accounting; (xiii) fraudulent transfers as to Eugene and Steven Schreiber, Two Rivers Coffee and Parness, Parness Law Firm, Rosenblatt and Rosenblatt Law; (xiv) fraud as to all counterclaim defendants and all third party defendants; (xv) equitable fraud against all counterclaim defendants and third party defendants; (xvi) tortious interference with contract against Parness, Parness Law Firm, Rosenblatt And Rosenblatt Law; (xvii) civil conspiracy against Eugene and Steven Schreiber, Two Rives Coffee,  Rosenblatt, Rosenblatt Law, Parness, Parness Law Firm, Wasserman, and Legalmalpractice.com, Inc.; (xix) violations of New York Judiciary Law § 487 against Parness, Parness Law Firm, Rosenblatt and Rosenblatt Law (the "*Counterclaims*").

[65] *See* ECF No. 120-6 at ¶ 3.

bankruptcy case but fails to file a timely proof of claim is generally barred from sharing in distributions under the plan and from asserting a claim or claims against the reorganized debtor.[66] Section 502(b)(9) explicitly disallows claims that are not timely filed, except under specific exceptions provided in 11 U.S.C § 726 or the Federal Rules of Bankruptcy Procedure.[67]

    Fifth Circuit case law supports this principle. For example, in *In re Franklin*,[68] the court held that a creditor who failed to file a timely proof of claim was not entitled to relief under § 502 and could not use its equitable powers to allow the claim. [69] The creditor was bound by the confirmed plan and could not assert its claim against the reorganized debtor, as it had notice of the case and failed to act within the required timeframe.[70] Similarly, in *In re M & C P'ship*,[71] the court emphasized that a creditor who does not file a timely proof of claim when required is barred from participating in plan voting, receiving distributions, and asserting claims against the reorganized debtor.[72] Additionally, the Federal Rules of Bankruptcy Procedure, such as 3003, establish strict deadlines for filing proofs of claim, and failure to comply with these deadlines generally results in the claim being disallowed.[73] This procedural requirement ensures that the debtor and other creditors can rely on the finality of the claims process.[74] Courts routinely hold that a creditor who intentionally fails to file a proof of claim is barred from later asserting a pre-petition claim against the debtor post-confirmation, and the claim is discharged.[75]

---

[66] 11 U.S.C. § 502(b)(9).

[67] 11 U.S.C. § 502(b)(9).

[68] 448 B.R. 744 (Bankr. M.D. La. 2011).

[69] *Id.* at 748.

[70] *Id.* at 747.

[71] No. 19-11529, 2021 Bankr. LEXIS 3702 (Bankr. E.D. La. Mar. 15, 2021).

[72] *Id.* at *14 ("If a scheduled creditor does not file a timely proof of claim when it is required to do so, that creditor is in the worst of all worlds: it cannot participate in plan voting, will receive no distributions under the plan, and will have its claim discharged, should the debtor receive a discharge.").

[73] 11 U.S.C. § 502(b)(9); FED. R. BANKR. P. 3003(3).

[74] *In re Franklin*, 448 B.R. at 748; *Cast Settlement Corp. v. Tran* (*In re Tran*), 369 B.R. 312, 318 (S.D. Tex. 2007).

[75] 11 U.S.C. § 1191(a); 11 U.S.C. § 1141(d). *See, e.g. Vanguard Operating, LLC v. Sublette Cty. Treasurer* (*In re Vanguard Nat. Res., LLC*), Nos. 17-30560, 18-3244, 18-3245, 18-3246, 18-3247, 18-3248, 18-3249, 18-3250, 2020 Bankr. LEXIS 83, at *79 (Bankr. S.D. Tex. Jan. 14, 2020) ("'The discharge is thus pervasive'—a claim is discharged

Plaintiffs could have sought leave of this Court to have their Complaint treated as an informal proof of claim but deliberately chose not to do so.[76] A complaint in the Fifth Circuit can serve as an informal proof of claim if it meets the requirements of the five-part test. Specifically, the document must: (1) be in writing; (2) contain a demand by the creditor on the debtor's estate; (3) evidence an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court; and (5) be equitable under the circumstances.[77]  The Fifth Circuit has specifically applied this test to hold that a complaint filed in an adversary proceeding could qualify as an informal proof of claim.[78] In that case, the court found that the first four elements were clearly met and that allowance of the claim was equitable because the debtor had filed for bankruptcy to avoid paying the plaintiff's claim.[79]  Similarly, other courts in the Fifth Circuit have recognized that complaints or other filings that meet these criteria may be treated as informal proofs of claim.[80]

Nevertheless, Plaintiffs assert that they were not required to file a proof of claim because they are merely pursuing or preserving their defensive claims such as setoff or recoupment.[81] In their Response, Plaintiffs state:

> "While any affirmative claims *in personam* asserted against [Nelkin] in this Adversary Proceeding have been discharged, in asserting the Two Rivers Claims defensively, the Two Rivers Parties do not seek any funds from [Nelkin] or its bankruptcy estate; nor do they seek any distribution under [Nelkin]'s Plan; nor do they seek payment or affirmative equitable relief from [Nelkin]. The Two Rivers Parties have been clear throughout the [Nelkin] bankruptcy case that the Two

---

under § 1141(d)(1)(A) 'whether or not a proof of claim is filed, the claim is allowed, or the holder of the claim has accepted the plan.'"); *Otto v. Texas Tamale Co.* (*In re Texas Tamale Co.*), 219 B.R. 732, 737 (Bankr. S.D. Tex. 1998) (finding that adversary action was an attempt to file a late claim against the estate and was thus discharged under the confirmed plan); *In re United Ref. Co.*, No. 83-03935, 2021 Bankr. LEXIS 105, at *3 (Bankr. S.D. Tex. Jan. 16, 2021).
[76] *See* ECF No. 123 at 8 ("The Two Rivers Parties are not hampered by their conscious decision not to file a Proof of Claim.").
[77] *Hous. Bluebonnet, L.L.C. v. JPMorgan Chase Bank* (*In re Hous. Bluebonnet, L.L.C.*), 586 B.R. 837, 843 (S.D. Tex. 2018); *Mata v. Schoch*, 337 B.R. 138, 141 (S.D. Tex. 2005); *Carroll v. Farooqi*, 486 B.R. 718, 723 (N.D. Tex. 2013).
[78] *Nikoloutsos v. Nikoloutsos* (*In re Nikoloutsos*), 199 F.3d 233, 237 (5th Cir. 2000).
[79] *Id.* at 237–238.
[80] *Fid. & Deposit Co. v. FitzGerald Contractors, Inc.* (*In re Whitaker Constr. Co.*), 439 F.3d 212, 220 (5th Cir. 2006); *Irons v. FF Acquisition Corp.* (*In re FF Acquisition Corp.*), Nos. 05-16187, 07-1193, 2008 Bankr. LEXIS 1826, at *8 (Bankr. N.D. Miss. Apr. 23, 2008).
[81] ECF No. 123 at 3, ¶ 3.

Rivers Parties are not seeking money from [Nelkin]. Simply stated, if the Two Rivers Parties prevail, they receive no payment of funds from [Nelkin], but the Two Rivers Parties use the Two Rivers Claims defensively, to defeat or minimize [Nelkin]'s recovery. The Two Rivers Parties simply wish to obtain release of their settlement proceeds being held in the registry of the Court in the Eastern District of New York ("EDNY") since 2018 due to [Nelkin]'s charging lien. The preservation of the Two Rivers Parties defenses to [Nelkin]'s charging lien and [Nelkin]'s "claims and causes of action of the estate, including collection of its fee from the Schreibers and Two River Coffee…" is not dependent upon the filing of a proof of claim."[82]

At bottom, Plaintiffs simply take the position that they were not required to file proofs of claim to pursue or preserve defensive claims.[83] Stated differently, Plaintiffs assert that they are defending against Nelkin's claims and causes of action and in doing so Plaintiffs are asserting various defenses and affirmative defenses such as setoff and recoupment because Plaintiffs are not seeking to affirmatively "collect, recover or offset any such debt as a personal liability" of [Nelkin].[84] To further support their position, Plaintiffs rely on an order Plaintiffs obtained from a magistrate judge in the EDNY on June 8, 2025 which the Court will address first.

### i. The order obtained in the EDNY

As a preliminary matter and in an attempt to conflate the instant adversary proceeding with the EDNY Case, the Plaintiffs seek to rely upon a memorandum opinion and order of a magistrate judge in the EDNY Case[85] entered on June 8, 2025, (the "*June 8, 2025 Order*") ruling upon a post-confirmation motion to transfer that case to this Court on the basis that this Court has exclusive jurisdiction.[86] The June 8, 2025 Order provides that:

The Court finds that the proceedings pending in the Eastern District of New York do not involve any affirmative claims by the Schreibers against the Firm, nor are the Schreibers endeavoring to collect on any potential debt or obligation from the

---

[82] ECF No. 123 at 2, ¶ 2.
[83] ECF No. 123 at 3, ¶ 3.
[84] ECF No. 123 at 3, ¶ 4.
[85] *Schreiber v. Friedman*, No. 15 CV 6861, 2025 U.S. Dist. LEXIS 108328 (E.D.N.Y. June 8, 2025).
[86] *Id.* at *12.

Firm that would be discharged by the confirmed Plan. . . . [T]he Schreibers have no affirmative claims against the Firm in either the Bankruptcy Court or this Court.[87]

Nevertheless, the Supreme Court has held that a bankruptcy court has jurisdiction to interpret and enforce its own prior orders.[88] Moreover, 28 U.S.C. § 1334(e)(2)(1) provides that the bankruptcy court has exclusive jurisdiction of "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."[89] Additionally, in *Burch v. Freedom Mortg. Corp.* the Fifth Circuit reiterated that bankruptcy courts maintain jurisdiction to interpret and enforce their own prior orders, even after a bankruptcy case is closed, to ensure that the rights afforded under the Bankruptcy Code are fully vindicated.[90] This principle aligns with the broader statutory framework under 28 U.S.C. §§ 1334 and 157 which grants district courts original and exclusive jurisdiction of bankruptcy cases and allows them to refer such matters to bankruptcy courts.[91] Courts in the Fifth Circuit have recognized that matters seeking to interpret or enforce orders issued in core proceedings, such as here, fall within the bankruptcy court's jurisdiction as core proceedings under 28 U.S.C. § 157(b)(2).[92] This reinforces the bankruptcy court's authority to handle such matters directly.

The magistrate judge's finding that the Plaintiffs are not bringing any affirmative claims against Nelkin necessarily requires a determination of what is property of Nelkin's bankruptcy estate and an interpretation of the confirmed Plan and this Court's Confirmation Order. Thus, the Court finds that the June 8, 2025 Order issued after the commencement of this bankruptcy case, confirmation of the Plan and issuance of this Court's Confirmation Order, interpreting this Court's

---

[87] *Id.* at *31.
[88] *Travelers Casualty & Surety Co. of America v. Bailey*, 557 U.S. 137, 151 (2009).
[89] 28 U.S.C. § 1334(e)(2)(1)
[90] *Burch v. Freedom Mortg. Corp.* (*In re Burch*), 835 F. App'x 741, 748 (5th Cir. 2021).
[91] 28 USC §§1334, 157(a).
[92] *Lee v. BDFI, LLC* (*In re Briar Bldg. Hous. LLC*), 609 B.R. 589, 596 (Bankr. S.D. Tex. 2019); *In re Ritchey*, 512 B.R. 847, 857 (Bankr. S.D. Tex. 2014).

own order, including whether Plaintiffs are bringing affirmative claims against Nelkin and what constitutes property of Nelkin's estate is of no event, not binding on this Court and is null and void.[93]

### ii.    Whether Plaintiffs may assert their Claims defensively as setoff or recoupment

Plaintiffs maintain that they may assert their Claims defensively against Nelkin as setoff or recoupment, notwithstanding the Plan and Confirmation Order.[94] Thus before analyzing the language of the Plan and Confirmation Order, the Court will address whether Plaintiffs may assert their Claims as setoff or recoupment. A debtor's discharge does not bar a creditor from asserting its right to setoff if the requirements under 11 U.S.C. § 553 are met.[95] Section 553(a) of the Bankruptcy Code provides, in relevant part, that:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
>
> (1) the claim of such creditor against the debtor is disallowed; ...
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor—
>
> (A) after 90 days before the date of the filing of the petition;
>
> (B) while the debtor was insolvent; and
> (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).[96]

---

[93] *Schreiber*, No. 15 CV 6861, 2025 U.S. Dist. LEXIS 108328, at *31; *In re Dogar-Marinesco*, No. 09-35544 (CGM), 2016 Bankr. LEXIS 4111, at *39-40 (Bankr. S.D.N.Y. Dec. 1, 2016) (to the extent a state court that considered defendants' claims found that defendants had not violated the discharge injunction, that ruling was void because the bankruptcy court had exclusive jurisdiction to decide that question).

[94] ECF No. 123 at 3, ¶ 4.

[95] *IRS v. Luongo* (*In re Luongo*), 259 F.3d 323, 333 (5th Cir. 2001) ("[A] debtor's discharge in bankruptcy does not bar a creditor from asserting its right to setoff.").

[96] 11 U.S.C. § 553(a).

To support their setoff argument, Plaintiffs point to *In re SVB Fin. Grp.*,[97] where the FDIC as receiver for Silicon Valley Bank, N.A. objected to a debtor's plan of reorganization because it extinguished the FDIC's defensive setoff rights.[98] The debtor argued that because the FDIC failed to file a proof of claim, the defensive setoff claim was extinguished by confirmation of the plan.[99] There, the Court agreed with the FDIC that it was not required to file a proof of claim in order to preserve its defensive claims.[100]  However, as noted by *In re SVB Fin. Grp.*, it is well settled that § 553 does not create a right of setoff, but preserves the right if it exists under applicable non-bankruptcy law.[101] For example, in *In re SVB Fin. Grp.*, the Court looked to 12 U.S.C. § 1822(d), which was found to create a statutory right of setoff for the creditor.[102]  The creditor has the burden to establish that the right to setoff exists.[103]

Likewise, a party asserting recoupment has the burden to show that it factually fits within the parameters of "the narrow doctrine of recoupment."[104] Recoupment is a defense that allows a creditor to offset mutual debts arising from the same transaction or contract. To assert recoupment in bankruptcy, a party must satisfy two key requirements, to wit: (1) there must have been some type of overpayment made to the debtor; and (2) both the creditor's claim and the amount owed to the debtor must arise from a single contract or transaction.[105] Recoupment "allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out

---

[97] 662 B.R. 53 (Bankr. S.D.N.Y. 2024).
[98] *Id.* at 56.
[99] *Id.* at 66.
[100] *Id.*
[101] *Id.* at 67; *Citizens Bank v. Strumpf*, 516 U.S. 16, 19 (1995).
[102] *In re SVB Fin. Grp.*, 662 B.R. at 68.
[103] *Felton v. Noor Staffing Group, LLC* (*In re Corporate Res. Servs. Inc.*), 564 B.R. 196, 204 (Bankr. S.D.N.Y. 2017). *See In re WL Homes LLC*, 471 B.R. 349, 352 (Bankr. D. Del. 2012) (stating that creditor must "first establish its right to setoff by finding an independent right of setoff under non-bankruptcy law").
[104] *In re Abco Indus.*, 270 B.R. 58, 61 (Bankr. N.D. Tex. 2001).
[105] *Kosadnar v. Metropolitan Life Ins. Co.* (*In re Kosadnar*), 157 F.3d 1011, 1014 (5th Cir. 1998).

of the same transaction to arrive at a just and proper liability on the plaintiff's claim."[106] The justification for the recoupment doctrine is that "where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor."[107] A key distinction between recoupment and setoff is that "[r]ecoupment is a demand asserted to diminish or extinguish the plaintiff's demand that arises out of the same transaction forming the basis of the plaintiff's claim; setoff, on the other hand, arises out of a transaction extrinsic to the plaintiff's claim."[108] Additionally, unlike setoff, which is governed by and subject to the limitations imposed by § 553, the doctrine of recoupment is an equitable remedy not restricted by the Code.[109]

Although there is no binding Fifth Circuit precedent on whether a proof of claim must be filed to assert a right to recoupment or setoff, bankruptcy courts in and out of the Fifth Circuit have recognized that a creditor need not file a proof of claim to *defensively* assert setoff or recoupment.[110] However, courts have held that a proof of claim is required when a creditor asserts a claim that seeks an affirmative recovery against the debtor's estate because doing so implicates the claims allowance process.[111]

---

[106] *United States Abatement Corp. v. Mobile Expl. & Producing U.S.* (*In re United States Abatement Corp.*), 79 F.3d 393, 398 (5th Cir. 1996).

[107] *Id.*

[108] *Gober v. Terra+Corp.* (*In re Gober*), 100 F.3d 1195, 1207 (5th Cir. 1996). *See also Rew Enters. v. Premier Bank, N.A.*, 49 F.3d 163, 171 (5th Cir. 1995) ("Recoupment differs from setoff in that 'setoff is a counter demand which a defendant holds against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action.'").

[109] *Cooper v. SSA*, 131 F.4th 995, 1008 (9th Cir. 2025).

[110] *See e.g., Northstar Offshore Grp., LLC v. Peregrine Oil & Gas LP* (*In re Northstar Offshore Grp., LLC*), Nos. 16-34028, 17-03448, 2018 Bankr. LEXIS 2817, at *17 (Bankr. S.D. Tex. Sep. 14, 2018) (*citing In re Columbia Hosp. for Women Med. Ctr., Inc.*, 461 B.R. 648 (Bankr. D.C. 2011); *Camelback Hospital, Inc. v. Buckenmaier* (*In re Buckenmaier*), 127 B.R. 233 (B.A.P. 9th Cir. 1991).

[111] *In re Northstar Offshore Grp., LLC*, Nos. 16-34028, 17-03448, 2018 Bankr. LEXIS 2817, at *17 (citing *In re G.S. Omni Corp.*, 835 F.2d 1317, 1318-19 (10th Cir. 1987); *In re Abco Indus.*, 270 B.R. 58, 63 (Bankr. N.D. Tex. 2001) ("The failure to file a proof of claim does not prevent the creditor from asserting the right [of setoff] as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor.") (quoting 5 *Collier on Bankruptcy* P 553.071 (15th ed. rev. June 2000)).

Thus, the Court finds that Plaintiffs are correct in that they generally need not file proofs of claim to *defensively* bring claims for setoff and recoupment that do not result in any affirmative recovery to them.[112] Nevertheless, Plaintiffs' arguments for setoff and recoupment fail for five reasons.

First, the instant adversary proceeding has nothing to do with the EDNY Case, Nelkin's Charging Lien, nor the Settlement Proceeds held in the registry of the EDNY, but is a case transferred from the New Jersey state court in which Plaintiffs sued Nelkin pre-petition for various affirmative claims.[113] In attempting to conflate the instant adversary proceeding with the EDNY Case, the Plaintiffs seek to rely upon the June 8, 2025 Order discussed more fully *supra*, of a Magistrate Judge in the EDNY Case.[114] This Court has already held that the June 8, 2025 Order is not binding on this Court and is of no event.[115] Regardless, under the Confirmation Order, exclusive jurisdiction resides in this Court to interpret the effect of the Confirmation Order and any other Court's Order post-confirmation is null and void.[116] Thus, the fee dispute in the EDNY Case does not provide Plaintiffs any right to assert their Claims in this adversary as claims for setoff or recoupment.

Second, Plaintiffs argument that their Claims are defensive claims for setoff or recoupment contradicts the plain language of the Complaint which frames each of the Plaintiffs' Claims as seeking affirmative relief from Nelkin in the form of a "judgment . . . [for] compensatory damages,

---

[112] *See In re Abco Indus.*, 270 B.R. at 63 ("[T]he defensive use of setoff (or recoupment) is not necessarily precluded by the failure to file a proof of claim.").

[113] ECF Nos. 34-3; 75.

[114] *Schreiber v. Friedman*, No. 15 CV 6861 (CBA) (CLP), 2025 U.S. Dist. LEXIS 108328, at *12 (E.D.N.Y. June 8, 2025).

[115] *See supra* Section III.B.1.a.i.

[116] Pending in Case No. 23-34054 is Debtor's Emergency Motion To Enforce The Confirmation Order And for Contempt which addresses the issues arising from the Plaintiffs' continued litigation in the EDNY and seeks an Order requiring the Plaintiffs to dismiss the litigation in the EDNY Case.

punitive damages, interests, costs, counsel fees [or] reasonable expenses."[117] Plaintiffs argument also assumes they have superior property rights to the Settlement Proceeds over Nelkin, but there has been no such determination.[118] This Court rejects Plaintiffs' post-confirmation attempt to retroactively reframe Plaintiffs' Claims as defensive when they were plead affirmatively as it contravenes the pleading requirements of Rule 8(a), and (b).[119] As such, because the Claims are pleaded affirmatively and Plaintiff's did not file proofs of claim, neither setoff or recoupment are available to Plaintiffs.

Third, by failing to file proofs of claim and asserting that they are not creditors of Nelkin, Plaintiffs have abandoned their Claims which now must be dismissed with prejudice. Courts in the Fifth Circuit have dismissed claims upon finding that a party abandoned them by representing to the court that the claims would not be pursued.[120] Plaintiffs urge the Court not to dismiss their Claims on the basis that they are only asserting defensive claims for set off and recoupment and "are not seeking a recovery from [Nelkin] and are not asserting that [Nelkin] owes anything to the [Plaintiffs]."[121] However, a party asserting recoupment and setoff must be a creditor of the debtor. Section 553(a) explicitly states that the Bankruptcy Code does not affect "any right of a *creditor*

---

[117] ECF No. 75 at 34.

[118] *See generally* ECF No. 123.

[119] *In re Northstar Offshore Grp., LLC*), Nos. 16-34028, 17-03448, 2018 Bankr. LEXIS 2817, at *16-17 (dismissing a creditor's recoupment action where it failed to comply with Rule 8(a)(2)); *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *In re Mangia Pizza Invs., LP*, 480 B.R. 669, 689 (Bankr. WD Tex 2012) ("The right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim.") (citing *United States v Cont. Airlines* (*In re Cont. Airlines*), 134 F3d 536, 542 (3rd Cir. 1998)).

[120] *See e.g. Martinez v. Tex. HHS Comm'n,* No. 4:20-cv-03706, 2021 U.S. Dist. LEXIS 105192, at *12 (S.D. Tex. June 4, 2021)(dismissing claims with prejudice as "voluntarily abandoned"); *Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 913 n.17 (S.D. Tex. 2015)(same); *Ettinoffe v. Sheikh*, No. 4:21-CV-02646, 2022 U.S. Dist. LEXIS 182151, at *4 (S.D. Tex. Oct. 4, 2022)(dismissing with prejudice all claims that, "inexplicably," a parties' counsel "affirmatively abandoned"); *Udeigwe v. Tex. Tech Univ.*, 733 F. App'x 788, 791, 794-95 (5th Cir. 2018)(affirming dismissal with prejudice where the district court "treated [the party's] remaining claims as abandoned and dismissed them with prejudice").

[121] ECF No. 123 at 3, ¶ 4.

to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case."[122] This provision establishes that the right to setoff is limited to creditors who meet the statutory requirements.[123] *In re SVB Fin. Grp.* confirms that: (i) setoff is governed by § 553; (ii) setoff is a right of creditors; (iii) the creditor and debtor must both have a claim against the other and each must owe the other a debt.[124]  Likewise, recoupment is a defense available to a creditor against the debtor.[125]  Since it is clear that only a creditor may assert setoff or recoupment and the Plaintiffs have repeatedly admitted that they are not creditors of Nelkin,  the Court finds that the Plaintiffs represented to the Court that they would not be pursuing any claims against Nelkin, including claims for setoff and recoupment. Thus, the Plaintiffs have abandoned any claim to setoff and recoupment, either offensively or defensively.

Fourth, Plaintiffs, as a matter of law, cannot meet their burden of showing their entitlement to either setoff or recoupment. There are "two general requirements for recoupment: (1) some type of overpayment must have been made, and (2) both the creditor's claim and the amount owed the debtor must arise from a single transaction."[126] Plaintiffs have not asserted that they made any payment whatsoever to Nelkin and therefore most certainly cannot show that they made an overpayment. Similarly, a party asserting setoff in bankruptcy must show they are a creditor of the debtor.[127] Plaintiffs admit that they are not creditors of Nelkin and that they "are not seeking a recovery from [Nelkin] and are not asserting that [Nelkin] owes anything to the [Plaintiffs]."[128]

---

[122] 11 U.S.C. § 553 (emphasis added).

[123] See *IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 334 (5th Cir. 2001), citing *Braniff Airways, Inc. v. Exxon Co.*, 814 F.2d 1030, 1035 (5th Cir. 1987).

[124] *In re SVB Fin. Grp.*, 2024 Bankr. LEXIS 1790 (Bankr. S.D.N.Y. Aug. 2, 2024)  at *28-29 (Bankr. S.D.N.Y. Aug. 2, 2024). *See also Braniff Airways*, 814 F.2d at 1035 (5th Cir. 1987); *In re Corland Corp.*, 967 F.2d 1069, 1076 (5th Cir. 1992).

[125] *DDR Weinert, Ltd. v Ovintiv USA, Inc.*, 2025 U.S. App. LEXIS 4603, at *5 (5th Cir Feb. 27, 2025); *Kosadnar v Metro. Life Ins. Co.* (*In re Kosadnar*), 157 F.3d 1011, 1014 (5th Cir 1998).

[126] *DDR Weinert, Ltd. v Ovintiv USA, Inc.*, 2025 U.S. App. LEXIS 4603, at *5.

[127] *Braniff Airways*, 814 F.2d at 1035 (5th Cir. 1987).

[128] ECF No. 123 at 3, ⁋ 4; *See also* Bankr ECF No. 403 at 5-7, ⁋⁋ 12, 20, and 22.

Indeed, Plaintiffs' Complaint never once mentions recoupment or setoff.[129] Thus, as a matter of law, the Court finds that Plaintiffs cannot meet their burden of showing an entitlement to setoff or recoupment.[130]

Fifth, Plaintiffs' setoff claim is impermissible for an additional independent reason. "The right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim."[131] As recognized by the Court in *Continental*:

> allowing [a creditor] under the facts of this case to come forward after the plan of reorganization has been confirmed and *sua sponte* decide that it has a valid set-off without timely filing a proof of claim and asserting the set-off in the reorganization proceedings, has a probability of disrupting the plan of reorganization. It may also unnecessarily protract the bankruptcy proceedings and consume judicial resources. Furthermore, it is unfair to other creditors and the debtor, and can conceivably undermine the plan of reorganization and the objectives and structure of the Bankruptcy Code.[132]

Here, Plaintiffs have not shown that they asserted a right to set-off before Plan confirmation. Plaintiffs did not file a proof of claim.[133] Thus, the Court finds that by failing to file a proof of claim and failing to assert a right to setoff before confirmation of the Plan, the Plaintiffs have waived any right to setoff.[134]

Accordingly, there is no genuine dispute of material fact and as a matter of law, Plaintiffs' Claims cannot be asserted as claims for recoupment and setoff.

## 2. Whether Plaintiffs' Claims were discharged under 11 U.S.C. § 1191(a) and 11 U.S.C. § 1141(d).

---

[129] ECF No. 75.

[130] *See Tex. Gen. Land Office v. Pearl Res. LLC* (*In re Pearl Res. LLC*), 643 B.R. 436, 462 (Bankr. S.D. Tex. 2022).

[131] *United States v Cont. Airlines (In re Cont. Airlines)*, 134 F3d 536, 542 (3rd Cir. 1998); *See also In re Mangia Pizza Invs.,* LP, 480 B.R. 669, 689 (Bankr. WD Tex 2012) ("The right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim.") (*citing In re Continental Airlines*, 134 F.3d at 542)).

[132] *In re Continental Airlines*, 134 F.3d at 542.

[133] ECF No. 120-7.

[134] *In re Continental Airlines*, 134 F.3d at 542; *In re Mangia Pizza Invs.,* LP, 480 B.R. at 689.

Having determined that Plaintiffs' Claims cannot be asserted as setoff or recoupment, and because the confirmed Plan contains language that bars the types of claims the Plaintiffs are asserting here (as discussed *infra*), the Court must now determine whether the Plaintiffs are bound by the Plan, given that they had actual notice of the bankruptcy case.[135] If Plaintiffs are bound by the Plan, the next (and potentially dispositive) question is whether their claims were in fact discharged by the Plan and Confirmation Order. The Court will consider each in turn.

### a.   Whether Plaintiffs are bound by the Plan and Confirmation Order

The Court must determine whether the Plaintiffs are bound by the terms of the Plan given that they had actual knowledge of the bankruptcy proceeding but failed to file proofs of claim in the main bankruptcy case.[136] A debtor's listing of a claim in its bankruptcy schedules serves as prima facie evidence of that claim's validity and amount in a chapter 11 case.[137] If no objection is filed, the claim is automatically deemed allowed—unless the debtor scheduled the claim as disputed, contingent, or unliquidated.[138] Federal Rule of Bankruptcy Procedure 3003(c)(2) requires creditors holding unscheduled claims as well as those listed as disputed, contingent, or unliquidated, to file a proof of claim. On its Schedule E/F: "Creditors Who Have Unsecured Claims", Nelkin specifically listed Steven Schreiber, Eugene Schreiber and Two Rivers Coffee, LLC as creditors who had pre-petition litigation claims against Nelkin and listed these as disputed.[139] Therefore, Plaintiffs were required to file proofs of claim in order to vote on Nelkin's Plan, preserve their Claims, and receive distributions from the bankruptcy estate.[140]

---

[135] *See* e.g. Bankr. ECF No. 11 (Notice of appearance on behalf of Rivers Coffee, LLC, Steven Schreiber, and Eugene Schreiber).
[136] ECF Nos. 123 at 2; 120-4; 120-7.
[137] FED. R. BANKR. P. 3003(b)(1).
[138] FED. R. BANKR. P. 3003(b)(1); *Tex. Gen. Land Office v. Pearl Res. LLC* (*In re Pearl Res. LLC*), 643 B.R. 436, 463 (Bankr. S.D. Tex. 2022).
[139] Bankr. ECF No. 24 at 12-15.
[140] *See In re M & C P'ship*, No. 19-11529, 2021 Bankr. LEXIS 3702, at *14 (Bankr. E.D. La. Mar. 15, 2021).

However, nothing in the Bankruptcy Code requires that a party file a proof of claim to be bound by the effects of a confirmed plan. Instead, § 1141(a) provides that "[e]xcept as provided in subsections (d)(2) and (d)(3) . . ., the provisions of a confirmed plan bind . . . any creditor, . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." A debtor has the obligation to list and schedule a creditor, and failure to do so will mean that those claims will be exempt from discharge "unless such creditor had notice or actual knowledge of the case in time for such timely filing."[141]

Parties with actual, timely notice of the bankruptcy proceeding will have their claims discharged if they fail to timely file a proof of claim.[142] Thus, as long as a party has adequate notice of the bankruptcy proceeding, it need not file a proof of claim to be bound by a  confirmed plan.[143] The Plaintiffs certainly had actual knowledge of the bankruptcy case with ample time to protect their rights, given that they knew about the case from the outset and admittedly monitored the docket throughout the proceedings.[144]

Because there is no genuine dispute of any material fact that Plaintiffs had actual knowledge of this bankruptcy case, the Court finds as a matter of law that Plaintiffs are bound by the terms of the Plan and Confirmation Order.

**b. Whether Plaintiffs' Claims have been discharged by the plain language of the Plan and Confirmation Order**

The Court turns to the next question of whether the Plan and Confirmation Order have in fact discharged Plaintiffs' Claims. Section 12.1 of the confirmed Plan contains the following

---

[141] 11 U.S.C. § 523(a)(3)(a) & (b).

[142] *Raymond James & Assocs. v. Jalbert* (*In re German Pellets La., L.L.C.*), 91 F.4th 802, 809 (5th Cir. 2024) ("If an interested party has 'notice or actual knowledge' of the bankruptcy, that party must 'come forward and protect their enhanced rights . . . or else lose their rights through the sweeping discharge of Chapter 11.'").

[143] *In re M & C P'ship*, No. 19-11529, 2021 Bankr. LEXIS 3702, at *14 (Bankr. E.D. La. Mar. 15, 2021); *In re Schepps Food Stores*, 152 B.R. 136, 141 (Bankr. S.D. Tex. 1993); *In re Franklin*, 448 B.R. 744. 747 (Bankr. M.D. La. 2011).

[144] *See* ECF Nos. 123 at 2, 8; 120-4. *See e.g.,* Bankr. ECF Nos. 16, 56, 222.

provision: "[o]n the Effective Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan pursuant to § 1141(d)(1)(A) of the Code."[145] Section 1141(d)(1)(A) provides that confirmation of a chapter 11 plan discharges the debtor from any debt that arose before the date of confirmation, except as otherwise provided in the plan or the confirmation order.[146] Paragraph 6 of the Confirmation Order makes clear that the Plan does not restrict the discharge granted under 1141(d)(1)(A), stating that:

> [t]he provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are effective as of the entry of this Confirmation Order, but subject to the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, 11 U.S.C. § 1141, the Plan and this Confirmation Order shall be binding on: (a) the Debtor(s); (b) all holders of claims and Interests, irrespective of whether they are Impaired under the Plan and whether or not such holders of claims and Interests voted to accept the Plan; and (c) each person or entity acquiring property under the Plan. [147]

Section 524(a)(2) governs the effect of a discharge: "a discharge under this title . . .  operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

Plaintiffs filed their Initial Complaint on June 12, 2020 in the Superior Court of New Jersey.[148] The instant adversary complaint was initiated on October 20, 2023, through a notice of removal, removing the Initial Complaint from the New Jersey state court to this Court.[149] In their Complaint, Plaintiffs seek relief based on allegations that occurred before the Petition Date.[150] Plaintiffs concede that they did not file proofs of claim.[151] Accordingly, there is no genuine dispute

---

[145] ECF No. 120-3 at 27.
[146] 11 U.S.C. § 524(a).
[147] ECF No. 120, Ex. 3, at 5, ¶ 6.
[148] ECF No. 1 at 8.
[149] ECF No. 1.
[150] *See generally* ECF No. 75.
[151] ECF Nos. 123 at 8; 120-4.

of any material fact that Plaintiffs' Claims are prepetition claims and that Plaintiffs did not file proofs of claim.

Plaintiffs assert that Plaintiffs' Claims are not subject to discharge because they are in *in rem* claims that are excepted from discharge.[152] "An in rem action is a proceeding or action instituted directly against a thing, an action directly taken against property, or an action that is brought to enforce a right in the thing itself."[153] "An *in personam* action, by contrast, determines a defendant's personal rights and liabilities."[154] In other words, an *in rem* proceeding is against the "property alone" and the property "itself is . . . the defendant."[155] The result of an *in rem* action "is a judgment which operates upon the property and which has no element of personal claim or personal liability."[156]

Plaintiffs assert that they "simply wish to obtain release" of the Settlement Proceeds being held in the EDNY court registry due to Nelkin's Charging Lien, and that their "*in rem* interest" in the Settlement Proceeds was not discharged.[157] Although the Complaint acknowledges the existence of the Settlement Proceeds subject to the Charging Lien,[158] it has nothing to do with the claims Plaintiffs bring in the instant adversary complaint. Here, each of Plaintiff's Claims seek affirmative relief in the form of monetary damages against Nelkin in the form of compensatory damages, punitive damages, interests, costs, counsel fees or reasonable expenses.[159]

---

[152] ECF No. 123 at 2.
[153] *LeBlanc v. Edwin Epstein, Jr. Operating Co.*, No. H-03-0592, 2003 U.S. Dist. LEXIS 26830, at *13-14 (S.D. Tex. Aug. 5, 2003).
[154] *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990).
[155] *Hetelekides v. Cty. of Ontario*, 2023 NY Slip Op 00803, ¶ 2, 39 N.Y.3d 222, 232, 184 N.Y.S.3d 716, 723, 205 N.E.3d 436, 443 (Feb. 14, 2023).
[156] *Id.*
[157] ECF No. 123 at 2.
[158] ECF No. 75 at 25.
[159] ECF No. 75.

The existence of the Settlement Proceeds and the possibility that it may be used to collect on any potential judgement Plaintiffs obtain in this adversary does not make this adversary an *in rem* proceeding against the Settlement Proceeds.[160] By seeking to establish damages directly against Nelkin, Plaintiffs are seeking to establish personal liability against Nelkin.[161] Indeed, if Plaintiff's Claims are successfully prosecuted, Nelkin would be liable for the damages requested in the Complaint regardless of who has property rights over the Settlement Proceeds.[162] As such, Plaintiffs' Claims are, as a matter of law, *in personam* claims.

Plaintiff's cite to *Johnson v. Home State Bank*[163] and *In re Lett*[164] to support their argument that *in rem* claims in bankruptcy are not discharged. *Johnson* and *In re Lett* involved secured creditors who sought to enforce their liens and pursue *in rem* claims against a debtor's property after a Chapter 7 or Chapter 13 discharge.[165] These cases have no application here where Plaintiffs have asserted they are not creditors of Nelkin and have not asserted a claim against Nelkin's property in this adversary proceeding.[166] Moreover, for two reasons, Plaintiffs cite to inapplicable Chapter 7 and Chapter 13 cases in support of their argument that a discharge in bankruptcy does not affect any *in rem* rights that a creditor may have against the debtor's property and that a discharge injunction does not prohibit the creditor from enforcing an *in rem* claim against the debtor's property.

---

[160] *See Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1254 (9th Cir. 2017) ("The [claimants] are seeking 'merely to establish . . . a right to share in [the settlement funds].' It is well settled that such actions are properly classified as *in personam*." (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466, (1939)).

[161] *Johns-Manville Corp. v. Chubb Indem. Ins. Co.* (*In re Johns-Manville Corp.*), 600 F.3d 135, 153 n.13 (2d Cir. 2010) (finding that claims against a defendant for indemnity and contribution seeking to impose liability on the defendant itself rather than insurance policies that were assets of the bankruptcy estate were *in personam* claims); *Ericsson Inc. v. Samsung Elecs.* Co., No. 2:20-CV-00380-JRG, 2021 U.S. Dist. LEXIS 4392, at *19 (E.D. Tex. Jan. 11, 2021) ("Breach of contract claims are *in personam* actions.").

[162] *Commonwealth Tr. Co. v. Bradford*, 297 U.S. 613, 619, (1936) (finding that proceedings are not *in rem* when instituted only to determine rights and do not "deal with the property and order distribution").

[163] 501 U.S. 78 (1991).

[164] 2021 Bankr. LEXIS 1199 (Bankr. N.D. Ga. May 6, 2021).

[165] *In re Lett*, 2021 Bankr. LEXIS 1199, at *9; *Johnson*, 501 U.S. at 82-83.

[166] ECF Nos. 75; 120-6 at ¶ 3.

First, Plaintiffs have not shown that they have a lien against any of Nelkin's property, nor does the Complaint seek to establish a lien on any of Nelkin's property.[167] Second, even if Plaintiffs did have a lien against Nelkin's property, this case is a Chapter 11 case in which §1141(c) applies. Section 1141(c) provides in relevant part that "except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors . . . ." Here, Nelkin's Plan dealt with the Settlement Proceeds (the property) and pursuant to 11 U.S.C. §1141(c), the Settlement Proceeds is free and clear of all claims and interests of creditors, equity security holders, and of general partners in Nelkin.[168] As recognized by the Fifth Circuit, the confirmation of a Chapter 11 plan "operates to extinguish liens that are not preserved in a confirmed Chapter 11 plan" and that this is "the default rule."[169] As such, whatever claims Plaintiff's may have had against Nelkin's property interest in the Settlement Proceeds have been extinguished pursuant to § 1141(c).

For the reasons stated herein, the relevant facts are not in dispute. Specifically, there remains no genuine dispute of any material fact that Plaintiffs' Claims are pre-petition claims, Plaintiffs failed to file proofs of claim, and Plaintiffs had actual knowledge of this bankruptcy case. Thus, this is a purely legal dispute susceptible to summary judgment. Because the Court concludes that Plaintiffs are bound by the Plan and Confirmation Order, and Plaintiffs' Claims are pre-petition, affirmative *in personam* claims, Plaintiffs' Claims were discharged pursuant to 11 U.S.C. §§ 1191(a) and1141(d) and are enjoined from assertion by the plain language of the Plan and Confirmation Order pursuant to 11 U.S.C. § 524(a)(2). Accordingly, there remains no genuine issue as to any material fact for trial and Debtor is entitled to a judgment as a matter of law. Thus,

---

[167] *See generally* ECF No. 75.
[168] *See* Bankr. ECF No. 373 at 15, 23.
[169] *Elixir Indus. v. City Bank & Tr. Co. (In re Ahern Enters.)*, 507 F.3d 817, 820-22 (5th Cir. 2007).

Eugene Schreiber, Steven Schreiber, and Two Rivers Coffee LLC's claims for breach of contract, professional malpractice, breach of fiduciary duty, negligence, vicarious liability, unauthorized practice of law, malicious use of process, and punitive damages asserted against Nelkin & Nelkin, P.C. in this adversary proceeding are dismissed with prejudice.

## IV.    CONCLUSION

A judgment consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED October 1, 2025**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**